IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JUSTIN McKENNON and<br>ANDRE STEPHENS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No. 1:12-0095<br>Chief Judge Haynes |
| v. | )<br>) | |
| ENOCH GEORGE, Sheriff of Maury<br>County, LT. DEBRA WAGONSHUTZ,<br>FLOYD SEALEY, MAURY REGIONAL<br>MEDICAL CENTER, ABL<br>MANAGEMENT, INC., and<br>GENELLA POTTER, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiffs, Justin McKennon and Andre Stephens, filed this pro se action originally against the Defendants Enoch George and Debra Wagonshutz asserting claims about the inadequate medical care and conditions of confinement at the Maury County jail. Counsel entered an appearance for Plaintiffs and filed amended complaints, adding as Defendants: Floyd Sealey, Maury Regional Medical Center ("MRMC"), ABL Management, Inc., and Genella Potter.

Before the Court is a motion to dismiss (Docket Entry No. 75), filed by Defendants: Maury Regional Medical Center and Floyd Sealey contending that Plaintiffs' second amended complaint fails to state an Eighth Amendment claim for inadequate medical care. In response, Plaintiffs argue that their allegations of multiple grievances about denial of medical care, coupled with the delays in receiving medical care are sufficient to state a plausible Eighth Amendment

1

claim.

## A. Analysis of the Complaint

According to their amended complaint, Plaintiffs challenge the conditions of confinement at the Maury County Jail, including denial of medical care. (Docket Entry No. 69-1, Second Amended Complaint , ¶ 2). As to the Defendants, Defendant Sealey is the institutional nurse at Maury County Jail and is an MRMC employee who provides medical services to the inmates at the Maury County Jail. MRMC also operates the Ambulatory Care Clinic ("ACC") that at times, provides medical services to inmates in the Maury County Jail. Id. at ¶¶ 10 and 11.

On April 19, 2012 Plaintiff McKennon submitted a grievance stating, "I've been filling out medical request to go to the ACC over serious medical problems and I've heard nothing," and that he felt that he was being denied adequate medical care. Wagonshutz's reply was, "Seen by nurse Floyd Sealey 4/19/12." Id. at ¶ 2). Plaintiff McKennon next grievance states, "failure to provide prompt and proper-as well as adequate, medical and dental services when specifically requested per inmate [;] when have filled out numerous request nothing happens." Id. at ¶ 28. Wagonshutz replied, "Maury Regional Hospital is responsible for medical care here + they make the decision about who needs to be seen." Id. at ¶ 28.

On July 13, 2012 Plaintiff McKennon filed a medical grievance stating, "I've filled out numerous medical request to get medical treatment and when me and [yo]u went in and talked to Floyd basically he was telling me I was a liar about my symptoms the last time I was here[.] I don't know [what] I've done not to get medical treatment[.] Id. at " Wagonshutz replied, "I talked to the nurse, who said he had received 5 requests over the past 3 days, and that he will be seeing you." Id. at ¶ 29. As a result of the lack of adequate medical care and treatment, Plaintiff

2

McKennon endured pain and suffering for many weeks. Id. at ¶ 30. Plaintiffs allege their suffering of unnecessary pain attributable to their conditions at the Maury County causing dramatic weight loss, sleeping on floors for an extended time and living in unsanitary conditions. Id, at ¶¶ 18, 23, 28, 35, 66, and 69.

### B. Conclusions of Law

The pleading standard on the motion to dismiss requires only factual allegations that "raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Fed. R. Civ. P. 8(a) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief'. Under Fed. R. Civ. P. 8(e), "Pleadings must be construed so as to do justice.". On a motion to dismiss, the Court accepts well-pled factual allegations as true and construes such allegations in the light most favorable to the Plaintiffs, with all reasonable inferences in the Plaintiffs' favor. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir.2008).

The Eighth Amendment requires jailors to provide adequate medical care for prisoners in their custody. Estelle v. Gamble, 429 U.S. 97 (1976). For this claim there are objective and subjective components. Framer v. Brennan, 511 U.S. 825, 834 (1994); Comstock v. McCary, 273 F.3d 693, 702 (6th Cir. 2001). The objective component is a serious medical need or condition. Farmer, 511 U.S. at 834 ("the deprivation must be 'sufficiently serious'"). The subjective component is whether the Defendants exhibit a "deliberate indifference to the serious medical needs of a prisoner [that] constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (citations omitted). Estelle set the "serious medical needs" requirement that Defendants contend Plaintiffs' complaint fails to describe. Yet,

Estelle explained that " [i]n less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that "it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." Id. at 103. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104. See also Harrison v. Ash, 539 F.3d 510, 517 (6th Cir. 2008) (quoting Estelle).

Here, Plaintiffs cite multiple grievances about the need for medical treatment. Plaintiffs also allege the suffering of pain that describe a plausible existence of a serious medical condition. As an inmate, Plaintiff's grievance may not be able to detail his medical complaint, but the filing of multiple grievances for medical care is suggestive of a perceived serious medical condition. The Court concludes that multiple grievances and the lack of medical attention provides plausible inferences of subjective indifference to state viable Amendment claims

As to timeliness of Plaintiffs' claims, this action was filed on April 13, 2013. Under Fed.R.Civ.P. 15(c) defendants must receive actual or constructive notice of the action within the period provided for service of the summons and complaint, *i.e.*, 120 days after the filing of the complaint. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.). The controlling factor is whether the proposed defendants had notice within the limitations period that they would have been named in the action. Whether they knew or should have known that the suit should have been brought against them is a "patently factual inquiry and left to the district court." Doe v. Sullivan

County, Tenn., 956 F.2d 545, 552 (6th Cir.) (citing Berndt v. Tennessee, 796 F.2d 879, 884 (6th Cir.1986)).

Given that MRMC had the contract to provide medical services ti inmates at the Maury County jail; that Defendant Sealey. MRMC's representative, was present in the jail daily and in contact with Defendant Wagonshutz referred Plaintiffs' grievances to Sealey, the Court concludes that these are sufficient facts to infer that the Defendants MRMC and Sealey had constructive notice, if not actual notice that this action would involve claims agaimst them anfd that notice was within the limitations period..

Thus, the Court concludes that the Defendants' motion to dismiss should be denied. An appropriate Order is filed herewith.

**ENTERED** this the 26th day of February, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court